# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| M.D. MARK, INC., <br><br> Plaintiff, <br><br> v. <br><br> PACSEIS, INC., <br><br> Defendant. | Case No.: 1:17-cv-00258 JLT <br><br> ORDER AFTER INFORMAL CONFERENCE; ORDER STAYING CASE |

At the request of counsel, the Court held an informal conference on September 13, 2017. Though the initial request related, for the most part, to current discovery disputes, the discussion at the informal conference centered on the informal discovery that could occur that would facilitate settlement efforts. Counsel agreed that the universe of documents needed to facilitate these discussions include:

1. "Exhibit A" to the 2002 agreement between the defendant and Occidental Petroleum. The purpose of producing this information is to allow the plaintiff to identify the specific data in which the plaintiff claims exclusive licensure and which was purportedly conveyed by Oxy to the defendant. Counsel for the defendant will make best efforts to obtain permission from Oxy to allow the plaintiff to review this document. However, the Court is prepared to order its production for the plaintiff's review, if necessary;

2. A summary of the licenses issued by the defendant. This will detail whether the

1

defendant licensed any data in which the plaintiff claims an exclusive license. Once the summary is produced, the plaintiff may request review of a random sample of redacted licenses to assure itself that the summary accurately describes the content of the data licensed by the defendant;

    3. Though already produced by the defendant, counsel for the defendant will point out to counsel for the plaintiff, the specific portion of the 2002 agreement with Oxy which demonstrates the "retention language" which vested in Oxy the continued "right" to use the data in which the plaintiff claims an exclusive license. In addition, the defendant will certify that no other license or other agreement exists between the defendant and Oxy which vests in Oxy the "right" to use this data.

Based upon the discussions at the conference and the understanding of counsel and the Court, the Court **ORDERS:**

    1. The information and the activities described in points 1 through 3 described above, **SHALL** occur **no later than September 29, 2017**;

    2. As necessary and **no later than October 20, 2017**, Mr. Bonifazi will travel to Bakersfield to review the documents unless counsel agree that the review need not occur in person;

    3. The case is **STAYED**. The purpose of the stay is to preserve the status quo **only**. It is not intended and should not be interpreted to mean that the Court has taken any position as to the current discovery disputes, motions to compel or motion to amend the case schedule. Likewise, no party's position on these topics is impeded or promoted by the stay;

    4. **Within 30 days or earlier if needed**[1], counsel **SHALL** file a joint report setting forth the status of the matter and whether the stay should be lifted.

IT IS SO ORDERED.

    Dated: __September 13, 2017__            __/s/ Jennifer L. Thurston__
                                                           UNITED STATES MAGISTRATE JUDGE

---

[1] In particular, if it becomes necessary for the Court to consider issuing an order to Oxy related to "Exhibit A," a joint report should be filed without delay and should set forth the parties' positions as to the proper vehicle to move forward.

2